## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Waitr Holdings Inc.,<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10676 (JTD)<br><br>TAX ID:  26-3828008 |
| In re:<br><br>Waitr Intermediate Holdings, LLC<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10677 (JTD)<br><br>TAX ID:  36-4914581 |
| In re:<br><br>Dude Delivery, LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10678 (JTD)<br><br>TAX ID:  86-2268751 |
| In re:<br><br>Cape Payments LLC<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10679 (JTD)<br><br>TAX ID:  87-2158010 |
| In re:<br><br>Bitesquad.com, LLC<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10680 (JTD)<br><br>TAX ID:  45-5134632 |
| In re:<br><br>ASAP Inc.<br><br>        Debtor. | Chapter 7<br><br>Case No. 24-10681 (JTD)<br><br>TAX ID:  83-2249871 |

| | |
|---|---|
| In re:<br><br>Have Fun, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10682 (JTD)<br><br>TAX ID:  N/A |
| In re:<br><br>DDIT, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10683 (JTD)<br><br>TAX ID:  90-0923876 |
| In re:<br><br>CDMX Holdings, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10684 (JTD)<br><br>TAX ID:  61-1856259 |
| In re:<br><br>Delivery Logistics, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10685 (JTD)<br><br>TAX ID:  83-2841858 |
| In re:<br><br>Catering on Demand LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10686 (JTD)<br><br>TAX ID:  82-4491120 |
| In re:<br><br>KASA Delivery, LLC<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 24-10687 (JTD)<br><br>TAX ID:  45-5284510 |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective federal tax identification numbers, are:  Waitr Holdings Inc. (8008); Waitr Intermediate Holdings, LLC (4581); Dude Delivery, LLC (8751); Cape Payments LLC (8010); Bitesquad.com, LLC (4632); ASAP Inc. (9871); Have Fun, LLC (N/A); DDIT, LLC (3876); CDMX Holdings, LLC (6259); Delivery Logistics, LLC (1858); Catering on Demand LLC (1120); and KASA Delivery, LLC (4510).  The Debtors' service address is PO Box 3785, Lafayette, Louisiana 70502.

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**WAITR HOLDINGS INC. (CASE NO. 24-10676)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Waitr Holdings Inc., | Case No. 24-10676 (JTD) |
| Debtor. | TAX ID: 26-3828008 |
| In re: | Chapter 7 |
| Waitr Intermediate Holdings, LLC | Case No. 24-10677 (JTD) |
| Debtor. | TAX ID: 36-4914581 |
| In re: | Chapter 7 |
| Dude Delivery, LLC, | Case No. 24-10678 (JTD) |
| Debtor. | TAX ID: 86-2268751 |
| In re: | Chapter 7 |
| Cape Payments LLC | Case No. 24-10679 (JTD) |
| Debtor. | TAX ID: 87-2158010 |
| In re: | Chapter 7 |
| Bitesquad.com, LLC | Case No. 24-10680 (JTD) |
| Debtor. | TAX ID: 45-5134632 |
| In re: | Chapter 7 |
| ASAP Inc. | Case No. 24-10681 (JTD) |
| Debtor. | TAX ID: 83-2249871 |

| | |
|---|---|
| In re: | Chapter 7 |
| Have Fun, LLC | Case No. 24-10682 (JTD) |
| Debtor. | TAX ID:  N/A |
| In re: | Chapter 7 |
| DDIT, LLC | Case No. 24-10683 (JTD) |
| Debtor. | TAX ID:  90-0923876 |
| In re: | Chapter 7 |
| CDMX Holdings, LLC | Case No. 24-10684 (JTD) |
| Debtor. | TAX ID:  61-1856259 |
| In re: | Chapter 7 |
| Delivery Logistics, LLC | Case No. 24-10685 (JTD) |
| Debtor. | TAX ID:  83-2841858 |
| In re: | Chapter 7 |
| Catering on Demand LLC | Case No. 24-10686 (JTD) |
| Debtor. | TAX ID:  82-4491120 |
| In re: | Chapter 7 |
| KASA Delivery, LLC | Case No. 24-10687 (JTD) |
| Debtor.[1] | TAX ID:  45-5284510 |

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of their respective federal tax identification numbers, are: Waitr Holdings Inc. (8008); Waitr Intermediate Holdings, LLC (4581); Dude Delivery, LLC (8751); Cape Payments LLC (8010); Bitesquad.com, LLC (4632); ASAP Inc. (9871); Have Fun, LLC (N/A); DDIT, LLC (3876); CDMX Holdings, LLC (6259); Delivery Logistics, LLC (1858); Catering on Demand LLC (1120); and KASA Delivery, LLC (4510).  The Debtors' service address is PO Box 3785, Lafayette, Louisiana 70502.

31518121.8

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, collectively, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").   The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methodology, and Disclaimer regarding the Schedules and Statements (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements.  These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

1.    On April 2, 2024, each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  The information provided herein is presented as of January 31, 2024, other than the cash balance listed in Schedule A/B, Part 1, which is presented as of April 1, 2024.

2.    While the Debtors have made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and Statements.  Moreover, because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and Statements are complete or accurate.  Historically, the Debtors tracked their financial information on a consolidated basis at Debtor Waitr Holdings Inc. ("**Waitr Holdings**").  The Debtors have used their best efforts to report assets and liabilities by Debtor, but due to the Debtors' historical record-keeping practices, certain items listed in the Schedules and Statements for Waitr Holdings may relate to other Debtors.

3.    In reviewing and signing the Schedules and Statements, Armen Yeghyazarians, the duly authorized and designated representative of the Debtors (the "**Authorized Representative**"), has necessarily relied upon the prior efforts, statements, and representations of other former employees, independent contractors, and professionals of the Debtors.  The Authorized Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and Statements, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

---

[2]    These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements.  The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

4.    The Debtors and their past or present directors, officers, employees, attorneys, professionals, and agents (including, but not limited to, the Authorized Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.   The Debtors and their past or present officers, employees, attorneys, professionals, and agents (including, but not limited to, the Authorized Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.   While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.   In no event shall the Debtors or their past or present officers, employees, attorneys, professionals, and/or agents (including, but not limited to, the Authorized Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

5.    The Debtors reserve their rights to amend the Schedules and Statements as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."   These Global Notes will apply to all such amendments.   Furthermore, nothing contained in the Schedules or Statements shall constitute a waiver of the Debtors' rights with respect to the chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.   Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

6.    Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."   Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them.  The Debtors reserve all of their rights with respect to any such credits and allowances.  Furthermore, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.

7.    Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated.  In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," or to similar effect. Accordingly, for this and other reasons the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

8.  At times, the preparation of the Schedules and the Statements required the Debtors to make assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and/or other items. Actual results could differ from those estimates. Pursuant to Bankruptcy Rule 1009, the Debtors may amend their Schedules and Statements as they deem necessary and appropriate to reflect material changes.  In addition, the Debtors, for the benefit of their estates, reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules or Statements.

9.  Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

10. Certain litigation actions (collectively, the "**Litigation Actions**") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action but, if the Debtors were unable to identify a specific Debtor, the Litigation Action was listed in the Schedules and Statements of Waitr Holdings. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.  The Debtors have endeavored to list the case number for each Litigation Action where possible, but do not have that information readily available for every Litigation Action.

11. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which the Debtors is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to: (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

## NOTES FOR SCHEDULES

1.  **Schedule A/B – Assets – Real and Personal Property**.  The amounts listed in Part 1 are as of April 1, 2024, which is the most recent information available to the Debtors.  Certain of the Debtors' bank

accounts are listed with a $0.00 balance because they are zero-balance accounts that are automatically swept to the Debtors' primary bank account, ending in 2504 at Bank of America N.A., at the end of each day. These accounts are marked accordingly in Schedule A/B, Part 1.

With respect to Schedule A/B, question 8, the retainer amounts paid by the Debtors to their bankruptcy counsel, Young Conway Stargatt & Taylor, LLP, and their administrative advisor, Epiq Corporate Restructuring, LLC, on an earned upon receipt basis, do not constitute an interest of the Debtors in property and are thus not listed. This amounts paid are listed in response to Statement 11.

With respect to Schedule A/B, question 11, the Debtors are currently unable to determine the amount of receivables collected in the 90 days preceding the Petition Date because certain amounts were collected within a few days of the Petition Date, and the Debtors' employees were all terminated around the same time.

With respect to Schedule A/B, question 15, Waitr Holdings acquired 28,271 shares of Series D stock in Figure Technologies, Inc. in June 2021 for $499,995.26. The percentage ownership is not listed in Schedule A/B, question 15, because the total number of issued shares of Series D stock is unknown.

2. **Schedule E/F – Creditors Who Have Unsecured Claims**. As noted above, the Debtors historically tracked their financial information on a consolidated basis at Waitr Holdings. The Debtors have used their best efforts to report claims against the appropriate Debtor in Schedule E/F, but if they were unable to determine the appropriate Debtor, such claims have been listed in Schedule E/F for Waitr Holdings.

Part 2 of Schedule E/F for ASAP, Inc. and BiteSquad.com, LLC does not include estimated liabilities for outstanding gift cards/credits on an individual basis because ASAP, Inc. and BiteSquad.com, LLC do not track individual gift card holders and/or user credits. As of the Petition Date, the total amount outstanding on account of gift cards and user credits by BiteSquad.com, LLC and ASAP, Inc. is $3,267,953.09 and $679,953.90, respectively.

Certain third party sales agents who receive payments based on residual payment processing revenue are listed in Schedule E/F with claims as of January 31, 2024, which is the most recent information available to the Debtors. Historically, the Debtors issued payments to their sales agents related to these residuals approximately two months in arrears, consistent with the Debtors' receipt of the residual payments.

There are various claims listed for restaurants in Schedule E/F, consistent with the Debtors' most recent accounts payable. These claims may relate to (i) early termination fees for restaurants who terminated their prior credit card processing services so they could obtain services through the Debtors (the "**CCP Fees**") and (ii) bounced checks and returned ACH transfers related to pre-petition payments issued by the Debtors to the restaurants. The amounts listed as owed to restaurants, particularly due to returned payments in the weeks preceding the Petition Date, may not be accurate and, accordingly, such claims have been listed as contingent in Schedule E/F.

In addition, due to the termination of the Debtors' employees immediately preceding the Petition Date, the Debtors have not separately assessed each claim in Schedule E/F for its basis or analyzed whether each claim is contingent, unliquidated or disputed. Accordingly, many claims are listed as

trade payables as a default, but may have a different basis.  The Debtors reserve all rights regarding the categorization and classification of the claims in Schedule E/F.

The Debtors issued the final payroll for their employees shortly before the Petition Date.  Certain amounts owed to employees related to the Debtors' 401(k) benefits plan may not have been processed due to the proximity of when the payments were made to the Petition Date.  The Debtors are working with the chapter 7 trustee to determine the status of these payments and they are not reflected in Schedule E/F.

3.  **Schedule G – Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

## NOTES FOR STATEMENTS

1.  **Statement 1 and Statement 2**.  The gross revenue from business and non-business revenue disclosed listed for 2024 in Statement 1 and Statement 2 covers the period from January 1, 2024 through January 31, 2024.

With respect to Debtor Dude Delivery, LLC, Statement 1 only covers the period of January 1, 2022 through December 31, 2022, because Dude Delivery, LLC's operations were subsequently transitioned and integrated into the operations of Debtor ASAP Inc.

2.  **Statement 3**.  Any values listed in this section are separate and not repeated in Statement 4 (payments or other transfers of property made within one year before filing these cases that benefited any insider) or Statement 11 (payments related to bankruptcy within one year of filing).  Please refer to those sections for payments related to those parties.

Historically, certain Debtors issued relatively de minimis payments to certain restaurants for various items, including (i) CCP Fees and (ii) various payments related to the Foodify business previously operated by Debtor Catering on Demand LLC (the "**Foodify Payments**").  It would be unduly burdensome to list each of these transfers separately, so they are aggregated in SOFA 3 and described as "Credits to Restaurant" or "Restaurant Payments," respectively.  In addition, due to the termination of the Debtors' employees shortly before the Petition Date, the Debtors currently only have records of the Foodify Payments through March 9, 2024.

3.  **Statement 4**. Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.

4.  **Statement 11**.  The payments related to bankruptcy are reflected on the Schedules of the Debtor that made the payments, but such payments were made on behalf of all of the Debtors.

5.  **Statement 20**.  The Debtors do not have the names of the individuals with access to their off-premises storage and, accordingly, that information is not listed in Statement 20.

6.  **Statement 26b**.  The Debtors engaged Pannell Kerr Forster of Texas, P.C. ("**PKF**") as their auditor, but that engagement ceased and PKF never completed a review or audit.  Accordingly, PKF is not listed in Statement 26b.

7.  **Statement 26d**.  The Debtors provided financial statements in the ordinary course of their businesses to certain parties within two years immediately before the Petition Date, including with respect to the Debtors' prior restructuring and financing efforts.  Considering the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement 26d.

    Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements. Moreover, as a public company, the Debtors' financial statements are publicly available.

8.  **Statement 30**.  Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

31518121.8

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Waitr Holdings Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 24-10676 |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

### Part 1:    Income

**1. Gross revenue from business**

☑ None

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

---

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| NIMBUS CAPITAL LLC 1187 COAST VILLAGE RD, STE 1-751 MONTECITO, CA 93108 | 02/27/2024 | $15,000.00 | VENDOR |
| **TOTAL FOR NIMBUS CAPITAL LLC** | | **$15,000.00** | |
| **GRAND TOTAL:** | | **$15,000.00** | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates ; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

---

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| ALICIA A. CUTRER V. CHRISTOPHER P. MCGLONE, GOAUTO INSURANCE COMPANY, ASAP INC. OF LOUISIANA, AND WAITR HOLDINGS, INC.<br><br>**Case number** | CIVIL | 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY, LOUISIANA<br>301 N NEW HAMPSHIRE ST COVINGTON, LA 70433 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| AMANDA FORET, INDIVIDUALLY, AND ON BEHALF ON HER MINOR CHILD, REIO FORET V. FALR AMERICAN SELECT INSURANCE COM_PANY, WALTR HOLDINGS, INC., TEVLN COLLLNS,AND GEICOCASUALTY  COMPANY<br><br>**Case number**<br>DOCKET NO.: C-20216372 E | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST LAFAYETTE, LA 70502 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| AMY DINGER V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>**Case number**<br>2020-003147 | CIVIL | 14TH JUDICIAL DISTRICT COURT, PARISH OF CALCASIEU, LOUISIANA<br>1001 N LAKESHORE DR LAKE CHARLES, LA 70601 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| ANN JOHNSON, JOSEPH CHARLES, AND SHARONDA JONES ON BEHALF OF HER MINOR CHILD, DONTRELL JONES V. SETH HEINEN, FOREMOST INSURANCE COMPANY WAITR HOLDINGS, INC., AND FAIR AMERICAN INSURANCE & REINSURANCE COMPANY<br><br>**Case number**<br>DOCKET NO.  C-20210576 | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST LAFAYETTE, LA 70502 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| BOBBY'S COUNTRY COOKIN' LLC V. WAITR HOLDINGS INC.<br><br>**Case number**<br>19-552 | ALLEGED BREACH OF CONTRACT | U.S. DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA<br>515 MURRAY ST ALEXANDRIA, LA 71301 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| CANDACE GUIDRY VWAITR HOLDINGS INC., ET AL.<br><br>**Case number** | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST LAFAYETTE, LA 70502 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| CHARLETTE P MILLER ET AL V. LAKISHA M BYRD ET AL<br><br>**Case number** | CIVIL | 23RD JUDICIAL DISTRICT COURT, PARISH OF ASCENSION<br>828 S IRMA BLVD GONZALES, LA 70737 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| CHARLOTTE VANMOL AND MEKINZIE HAWKINS ,V. ZACKERY STUCKEY AND STATE FARM AUTOMOBILE MUTUAL INSURANCE COMPANY<br><br>**Case number** | CIVIL | NINTH JUDICIAL DISTRICT COURT PARISH OF RAPIDES STATE OF LOUISIANA<br>701 MURRAY ST ALEXANDRIA, LA 71301 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| COLLIN THOMPSON V. ARCH INSURANCE COMPANY, SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI, ANDJORDANSETHFORET<br><br>**Case number** | CIVIL | 23RD JUDICIAL DISTRICT COURT, PARISH OF ASCENSION<br>828 S IRMA BLVD<br>GONZALES, LA  70737 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DAVITASHVILI V. GRUBHUB, INC.<br><br>**Case number**<br>1:20-CV-03000 | ALLEGED ANTI-TRUST | DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK<br>500 PEARL STREET<br>NEW YORK, NY  10007-1312 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DEAVONTAE ROBINSON, ET AL V. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO, ET AL<br><br>**Case number**<br>DOCKET NO.: C-20221644 G | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| DEJA SIMON V. VANCE ARMSTRONG, FARM BUREAU PROPERTY & CASUALTY INSURANCE CO., WAITR HOLDLNGS, INC.,  AND UNKNOWN INSURANCE CO.NO. 1<br><br>**Case number**<br>DOCKET NO 2021-4547 A | CIVIL | | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DONG. KING, ET  V SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, ETAL<br><br>**Case number** | CIVIL | 14TH JUDICIAL DISTRICT COURT, PARISH OF CALCASIEU, LOUISIANA<br>1001 N LAKESHORE DR<br>LAKE CHARLES, LA  70601 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| EARL SMITH SR V. TAMARA BARADELL, ET AL<br><br>**Case number**<br>DOCKET NO.: C-138532 | CIVIL | SEVENTEENTH JUDICIAL DISTRICT PARISH OF LAFOURCHE<br>201 GREEN ST<br>THIBODAUX, LA  70301 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| EVA M VENTRESS V. PROGRESSIVE PALOVERDE INSURANCE COMPANY, ET AL<br><br>**Case number** | CIVIL | 19TH JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH, LOUISIANA<br>9050 AIRLINE HWY<br>BATON ROUGE, LA  70815 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| FORBES, JAHIA V. WILLIASOM,SAQUETTA ET AL<br><br>**Case number** | CIVIL | CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS<br>412 LOYOLA AVE<br>NEW ORLEANS, LA  70112 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| HEATHER CARRASCO, ET AL CONNOR MCGOWAN, ET AL<br><br>**Case number**<br>DOCKET NO.: C-20202826 K | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| JASON DESORMEAUX V. BRADLEY FANGUY, ET AL<br><br>**Case number**<br>2019-4638 | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| JEFFERY CRYER V. STEPHEN M SAIA, ET AL<br><br>**Case number** | CIVIL | 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY, LOUSIANA<br>301 N NEW HAMPSHIRE ST<br>COVINGTON, LA  70433 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| JERICA DAWN NUNEZ V. GEICO CASULTY COMPANY<br><br>**Case number**<br>2020-002723 | CIVIL | 14TH JUDICIAL DISTRICT COURT, PARISH OF CALCASIEU, LOUISIANA<br>1001 N LAKESHORE DR<br>LAKE CHARLES, LA  70601 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| JONQUARIUS WILLIAMS, ET AL V. GEICO CASUALTY COMPANY, ET AL<br><br>**Case number** | CIVIL | ALEXANDRIA CITY COURT, PARISH OF RAPIDES, STATE OF LOUISIANA<br>515 WASHINGTON ST<br>ALEXANDRA, LA  31901 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| KAILEY SHEPPARD V. BRYCE POSEY AND FABIAN GONZALEZ<br><br>**Case number** | CIVIL | DISTRICT COURT OF JEFFERSON COUNTY, TEXAS 136TH JUDICIAL DISTRICT<br>1085 PEARL STREET<br>BEAUMONT, TX  77701 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| KARLINA COOPER V. AMERICAN FAMILY INSURANCE COMPANY, ET AL<br><br>**Case number**<br>NUMBER C-714838 "24" | CIVIL | 19TH JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH, LOUISIANA<br>9050 AIRLINE HWY<br>BATON ROUGE, LA  70815 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| LAKISHA G. WESSINGER, ET AL V. ABC INSURANCE COMPANY, ET AL<br><br>**Case number**<br>C-699062 SEC. 26 | CIVIL | 19TH JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH, LOUISIANA<br>9050 AIRLINE HWY<br>BATON ROUGE, LA  70815 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| LASHANTI PHILLIPS V. FAIR AMERICAN INSURANCE & REINSURANCE CO, ET AL<br><br>**Case number**<br>DOCKET NO.: C-20213002 L | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| LATOYA HANEY  V. JERRICA VANDYKE, ET AL<br><br>**Case number**<br>DOCKET NO.: 146704 | CIVIL | ALEXANDRIA CITY COURT, PARISH OF RAPIDES, STATE OF LOUISIANA<br>515 WASHINGTON ST<br>ALEXANDRA, LA  71301 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| LYNN TROSCLAIR, ET AL V. SAFEWAY INSURANCE COMPANY OF LOUISIANA, ET AL<br><br>**Case number**<br>DOCKET NO.: C-20213230 L | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| MARY RITCHEY, ET AL. V. KRISTI RANDO, ET AL.<br><br>**Case number**<br>CASE NO. 1:21-CV-00259-LEK-KJM | CIVIL | US DISTRICT COURT, DISTRICT OF HAWAII<br>300 ALA MOANA BLVD<br>HONOLULU, HI  96850 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| MELISSA CRAFT  V. PROGRESSIVE SECURITY<br><br>**Case number**<br>2022-004651 | CIVIL | 14TH JUDICIAL DISTRICT COURT, PARISH OF CALCASIEU, LOUISIANA<br>1001 N LAKESHORE DR<br>LAKE CHARLES, LA  70601 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| MICHAEL A PEARSON V STATE FARM MUTUAL AUTOMOBILE INS CO ET AL<br><br>**Case number** | CIVIL | 23RD JUDICIAL DISTRICT COURT, PARISH OF ASCENSION<br>828 S IRMA BLVD<br>GONZALES, LA  70737 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| MICHAEL PARSONS V.BITE SQUAD.COIVI, LLC, TA HUNG JENQ AND WILLIAM JENQ<br><br>**Case number**<br>CASE NO.: 22-CA 508-CAAXIVIA | CIVIL | 12TH DISTRICT COURT, MANATEE COUNTY FLORIDA<br>1051 MANATEE AVE<br>BRADENTON, FL  34205 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| MICHEL CANTAVE, ET AL V. STATE FARM MUTUAL AUTOMOBILE<br><br>**Case number**<br>DOCKET NO.: C-20204439 C | CIVIL | 15TH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA<br>800 S BUCHANAN ST<br>LAFAYETTE, LA  70502 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| MIGUEL YGARZA V. JUAN OSORIO, PROGRESSNE EXPRESS INSURANCE COMPANY, ELIAS DE WEEVER AND DUDE HOLDINGS, LLC<br><br>**Case number** | CIVIL | 17TH JUDICIAL CIRCUIT COURT, BROWARD COUNTY, FLORIDA<br>201 SE 6TH STREET<br>FT LAUDERDALE, FL  33301 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| MONICA GARRET V. ANDREW WAINWRIGHT, ET AL<br><br>**Case number**<br>DOCKET NO.: C- 20210002839 | CIVIL | 21ST JUDICIAL DISTRICT COURT, PARISH OF TANGIPAHOA, LOUISIANA<br>110 NORTH BAY STREET<br>AMITE, LA  70422 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| ORLANDO TACKNO V. GO AUTO INSURANCECOMPANY AND RYAN STARNS<br><br>**Case number**<br>NUMBER:  2020-12055 | CIVIL | BATON ROUGE CITY COURT PARISH OF EAST BATON ROUGE, LOUISIANA<br>233 ST LOUIS ST #208<br>BATON ROUGE, LA  70802 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| RANDALL LEE SMITH AND RACHEL WALKER SMITH, V. DWIGHT GARTH BYGRAVE AND WAITR HOLDINGS INC. D/B/A BITE SQUAD<br><br>**Case number**<br>CASE NO: 05-2021-CA-048555 | CIVIL | EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA<br>2825 JUDGE FRAN JAMIESON WAY<br>VIERA, FL  32940-8006 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| RANDALL LEE SMITH, AND RACHEL WALKER SMITH, V. DWIGHT GARTH BYGRAVE, WAITR HOLDINGS INC. D/B/A BITE SQUAD<br><br>**Case number**<br>2021-CA-048555 | CIVIL | EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA<br>2825 JUDGE FRAN JAMIESON WAY<br>VIERA, FL  32940-8006 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| RANDY J. RICIIARD V.STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL<br><br>**Case number** | CIVIL | 16TH JUDICIAL DISTRICT COURT ST. MARTIN PARISH, LOUISIANA<br>415 S MAIN ST<br>ST MARTINVILLE, LA  70582 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| STERLING TERREL BROWN AND MELISSA TRINETTE BROWN V. PAUL MANEMANN AND PROGRESSIVE CASUALTY INSURANCE COMPANY<br><br>**Case number**<br>DOCKET NO.: 148173 | CIVIL | ALEXANDRIA CITY COURT, PARISH OF RAPIDES, STATE OF LOUISIANA<br>515 WASHINGTON ST<br>ALEXANDRIA, LA  71301 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| TERRY EZELL V. PV HOLDING CORP., JAMIE GORDON AND SAFECO INSURANCE COMPANY OF OREGON<br><br>**Case number**<br>DOCKET NO. C-688666 | CIVIL | 19TH JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH, LOUISIANA<br>9050 AIRLINE HWY<br>BATON ROUGE, LA 70815 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| THERON CHAISSON, ET AL V. PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL<br><br>**Case number**<br>CASE: 00139015 | CIVIL | 16TH JUDICIAL DISTRICT COURT ST. MARTIN PARISH, LOUISIANA<br>415 S MAIN ST<br>ST MARTINVILLE, LA 70582 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| TINA SMITH V. GEICO CASUALTY COMPANY, JACOB RICKARD, NEW HAMPSHIRE INSURANCE COMPANY,AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>**Case number**<br>2018-5771-B | CIVIL | | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| TITESSA REMBERT-SMITH V. AMCELA.M JAMAL MARSH, AN INDIVIDUAL; VOTAI'CR INCORPORATED,<br><br>**Case number** | CIVIL | 13TH CIRCIT COURT OF MOBILE COUNTY, ALABAMA<br>205 GOVERNMENT STREET<br>MOBILE, AL 36644 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| ZACHARY PINKERTON V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL<br><br>**Case number**<br>CIVIL DOCKET NO.: 147392 | CIVIL | ALEXANDRIA CITY COURT, PARISH OF RAPIDES, STATE OF LOUISIANA<br>515 WASHINGTON ST<br>ALEXANDRA, LA 71301 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

**Part 4:**    **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

Debtor    Waitr Holdings Inc.                                    Case number (if known)    24-10676

(Name)

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.

Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| 844 RYAN STREET<br>LAKE CHARLES, LA  70601 | From  5/31/2017 | To  8/5/2022 |
| 1201 MONTLIMAR DRIVE<br>SUITE 325<br>MOBILE, AL  36609 | From  4/17/2019 | To  3/17/2024 |
| 318 EAST LOCKWOOD ST.<br>COVINGTON, LA  70433 | From  1/1/2019 | To  12/31/2021 |

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for :

—  diagnosing or treating injury, deformity, or disease, or

—  providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

| Part 9: | Personal Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes.  State the nature of the information collected and retained.

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.  Go to Part 10.

☐ Yes.  Does the debtor serve as plan administrator?

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

---

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

---

| Debtor | Waitr Holdings Inc. | Case number (if known) | 24-10676 |
|--------|---------------------|------------------------|----------|
| | (Name) | | |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes.  Provide details below.

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business  name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|----------------------------|-------------------------------------|----------------------------------------------------------------------------------|
| WAITR INTERMEDIATE HOLDINGS, LLC<br>214 JEFFERSON STREET<br>SUITE 200<br>LAFAYETTE, LA  70501 | HOLDING COMPANY (FORMERLY LANDCADIA INTERMEDIATE HOLDINGS, LLC) | 26-3828008<br><br>**Date business existed**<br><br>From: 11/05/2018        To: PRESENT |

**26. Books, records, and financial statements**

26a.    List all accountants and bookkeepers who maintained the debtor's books and records within  2 years before filing this case.

☐ None

| Name and address | Dates of service |
|------------------|------------------|
| ARMEN YEGHYAZARIANS - CHIEF ACCOUNTING OFFICER<br>214 JEFFERSON STREET<br>SUITE 200<br>LAFAYETTE, LA  70501 | From  9/1/2021        To  6/1/2022 |

| Name and address | Dates of service | |
|---|---|---|
| ARMEN YEGHYAZARIANS - CHIEF ACCOUNTING OFFICER AND CHIEF FINANCIAL OFFICER<br>214 JEFFERSON STREET<br>SUITE 200<br>LAFAYETTE, LA  70501 | From  6/1/2022 | To  4/1/2024 |

26b.     List all firms or individuals who have audited, compiled,  or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| MOSS ADAMS LLP<br>675 15TH STREET<br>SUITE 1900<br>DENVER, CO  80202 | From  2018 | To  11/13/2023 |
| PANNELL KERR FORSTER OF TEXAS, P.C.<br>5847 SAN FELIPE<br>SUITE 2600<br>HOUSTON, TX  77057 | From  11/16/2023 | To  1/31/2024 |

26c.     List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed .

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ARMEN YEGHYAZARIANS<br>214 JEFFERSON STREET<br>SUITE 200<br>LAFAYETTE, LA  70501 | |

26d.     List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| LUGARD ROAD CAPITAL MASTER FUND, LP<br>1114 AVENUE OF THE AMERICAS<br>TWENTY-NINTH FLOOR<br>NEW YORK, NY  10036 |
| LUXOR CAPITAL GROUP, LP<br>1114 AVENUE OF THE AMERICAS<br>TWENTY-NINTH FLOOR<br>NEW YORK, NY  10036 |
| LUXOR CAPITAL PARTNERS OFFSHORE MASTER FUND, LP<br>1114 AVENUE OF THE AMERICAS<br>TWENTY-NINTH FLOOR<br>NEW YORK, NY  10036 |
| LUXOR CAPITAL PARTNERS, LP<br>1114 AVENUE OF THE AMERICAS<br>TWENTY-NINTH FLOOR<br>NEW YORK, NY  10036 |
| LUXOR WAVEFRONT, LP<br>1114 AVENUE OF THE AMERICAS<br>TWENTY-NINTH FLOOR<br>NEW YORK, NY  10036 |

**27. Inventories**
Have any inventories of the debtor's property been taken within  2 years before filing this case?

☑ None

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| CARL GRIMSTAD | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | CHIEF EXECUTIVE OFFICER AND CHAIRMAN OF THE BOARD | 1 |
| ARMEN YEGHYAZARIANS | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | CHIEF FINANCIAL OFFICER AND CHIEF ACCOUNTING OFFICER | <1 |
| THOMAS C. PRITCHARD | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | GENERAL COUNSEL | <1 |
| DAVID CRONIN | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | CHIEF ENGAGEMENT OFFICER | <1 |
| TIMOTHY NEWTON | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | CHIEF TECHNOLOGY OFFICER | <1 |
| JONATHAN GREEN | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | DIRECTOR | 2.6 |
| BUFORD H. ORTALE | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | DIRECTOR | <1 |
| J. DANIEL SCHMIDT | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | DIRECTOR | <1 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| STEVEN SCHEINTHAL | 214 JEFFERSON STREET SUITE 200 LAFAYETTE, LA 70501 | DIRECTOR | From 11/15/2018 To 1/30/2024 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/16/2024.


✗   /s/ Armen Yeghyazarians                                      Armen Yeghyazarians

Signature of individual signing on behalf of the debtor          Printed Name

Authorized Signatory

Position or relationship to debtor


**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes