**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| WAITR HOLDINGS, INC., *et al.,* | Case No. 24-10676 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: To be determined**<br>**Objection Deadline: December 30, 2024 at 4 p.m.** |

**MOTION OF MICHAEL BOONE AND JENNIFER WALTERS, INDIVIDUALLY AND
ON BEHALF OF THEIR MINOR CHILD GRACE BOONE,
FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE**

Michael Boone ("Mr. Boone") and Jennifer Walters ("Ms. Walters") or, together with Mr. Boone, the ("Movants"), Individually and on behalf of their Minor Child Grace Boone, by and through their undersigned counsel, hereby move this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Movants to prosecute a personal injury lawsuit in the Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana (the "State Court Action") against debtor Waitr, Inc. (with the above-captioned co-debtors the "Debtors"), and others parties responsible for the injuries sustained, and to proceed to collect any award against the Debtors' applicable insurance policies.  In support of this Motion, Movants respectfully represent as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2.       This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

## FACTS

4.      On April 3. 2024, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors' cases are being jointly administered.

5.      On April 4, 2024, Jeoffrey Burtch was appointed as the chapter 7 trustee (the "Trustee") of the Debtors' estates. [D.I. No. 8].

6.      Prior to the Petition Date, on or about November 22, 2016, Movants' minor child, Grace Boone, was standing in er driveway with her mother, Ms. Walters, located at 1624 Dupard Street, Parish of St. Tammany, State of Louisiana.

7.      At that time and place, defendant Oon Lim Khor ("Mr. Khor"), was operating a motor vehicle owned by debtor Waitr, Inc., traveling eastbound on Dupard Street when he struck Grace Boone with the vehicle he was operating (the "Collision").

8.      At the time of the Collision, Mr. Khor was an employee, agent or servant of debtor Waitr, Inc or one or more of its co-debtors acting within the scope of his employment with the Debtors.

9.      As a result of the Collision and Mr. Khor's and the Debtors' negligence, Grace Boone sustained serious and permanent bodily injuries, including but not limited to traumatic brain injury with permanent neurological, cognitive and physical defects.

10.     On May 4, 2017, Movants filed their Petition for Damages commencing the State Court Action.

11.     The filing, prosecution and liquidation of Movants' claims in the State Court Action has been delayed as a consequence of the Debtors' chapter 7 filing and the automatic stay provisions set forth in 11 U.S.C. § 362(a).

12.     Upon information and belief, the Debtors are covered by insurance policies applicable to Movants' claims.

## RELIEF REQUESTED

13.     Through this Motion, Movants seek the entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that they may prosecute their claims to judgment in the State Court Action and satisfy any award or other resolution they may obtain against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity

## BASIS FOR RELIEF REQUESTED

14.      Movants are entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

15.     The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

16.     The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

17.     At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

18.     Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

19.     Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1)     Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2)     Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3)     The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

20.     Here, the facts weigh in Movants' favor on each of these three prongs.  First, the Debtors will not suffer prejudice should the stay be lifted because Movants' claims must eventually be liquidated before they can recover from the bankruptcy estate.  Further, because their claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Movants have demanded and are entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

21.     Upon information and belief, the Debtors' liability in this matter is covered by insurance.  As such, any recovery by Movants will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

22.     Conversely, Movants will face substantial hardship if the stay is not lifted.  Minor Grace Boone suffered severe injuries as a result of Mr. Khor's and Debtors' negligence.  Movants will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Movants reside in State of Louisiana, and the events which

form the basis of their claims occurred exclusively in Louisiana.  If Movants are forced to litigate their claims in Delaware, they would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990).  Here, judicial economy would be served by lifting the automatic stay and allowing Movants' claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

23.     Neither the Debtors, their estates, nor the Trustee will suffer any hardship if Movants' claims in the State Court Action are allowed to proceed.  Their claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Trustee from the liquidation process.  Indeed, the Debtors' cases are liquidation cases under chapter 7 of the Bankruptcy Code.

24.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993).  This prong also weighs in Movants' favor.  The facts regarding the Debtors' negligence set forth herein and in the State Court Action speak for themselves.  No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

25.     When weighing the above factors, the Court should lift the automatic stay, in order to permit Movants to prosecute their claims against the Debtors and any other responsible individual

or entity to judgment in the State Court Action and satisfy any award or other resolution they may

obtain against the Debtors' applicable insurance policies and any other individuals or entities that

are responsible for the injuries sustained.

WHEREFORE, Movants respectfully request that the Court enter an Order lifting the

automatic stay, substantially in the form attached hereto, and for such further additional relief as

may be just and proper under the circumstances.

Dated: December 16, 2024

/s/ *Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Michael Boone and Jennifer Walters*